FILED

NOV 1 6 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Brenda Anthony,<br>    Plaintiff | § § § § § § § § § § § | Civil Action No.<br><br>SA06CA1009 XR |
| v. | | |
| Poteet Housing Authority,<br>    Defendant | | |

PLAINTIFF'S COMPLAINT

I. Preliminary Statement

1.

This lawsuit challenges the Poteet Housing Authority's refusal to exclude certain employment income in calculating Plaintiff's monthly rent payment in public housing. Plaintiff is paid as an attendant for her son, who has developmental disabilities, through the State of Texas Community Based Alternatives Program, a program designed to allow people with disabilities to live in their own home rather than in an institution. The governing public housing rent regulations provide for the exclusion of income paid by a state agency to a family with a family member with a developmental disability to

1

keep the family member at home. Despite this, Defendant includes the income in calculating Plaintiff's monthly rent. As a result of the Poteet Housing Authority's actions, Plaintiff has overpaid on her rent and continues to be burdened with having to pay more than the statutory amount determined by Congress.

## II. Jurisdiction

2.

This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

## III. Venue

3.

Venue is properly in this Court under 28 U.S.C. §1391(b).

## IV. Parties

4.

Plaintiff Brenda Anthony is a citizen of the United States and resident of Poteet, Atascosa County, Texas. She brings this action in her own behalf.

5.

Defendant Poteet Housing Authority is a federally subsidized, state chartered, and locally administered public body established under Texas law. It owns and manages public

housing in Poteet, Atascosa County, Texas. At all times complained of in this lawsuit, Defendant acted under color of law and in accordance with its policies.

### V. Statutory Background

6.

Tenants living in public housing must pay either an income-based rent or a flat rent. 42 U.S.C.A. §1437a(a)(1),(2), (3) (West 2003). The idea, of course, is to ensure that low-income families, such as Plaintiff's, pay an affordable rent. Tenants paying an income-based rent must pay the greatest of thirty per cent of their monthly adjusted income, ten percent of their gross monthly income, or a minimum rent, which the public housing authority may set at any amount of not more than $50.00 per month.

7.

Congress defined the term "income" as meaning "income from all sources of each member of the household, as determined in accordance with criteria prescribed by the Secretary, in consultation with the Secretary of Agriculture..." 42 U.S.C.A. § 1437a(b)(4)(West 2003). In accordance with the authority delegated to him by Congress, the Secretary of the United States Department of Housing and Urban Development has defined "income"

to exclude certain types of income, including income paid by a state agency to a family with a family member with a developmental disability to keep the family member at home. See 24 C.F.R. §5.609(c)(16)(2006).

### VI. Factual Background

8.

Plaintiff and her three sons, ages ten, fourteen, and twenty-three, live in a public housing apartment owned and managed by the Poteet Housing Authority (hereafter referred to as "PHA"). PHA is required to calculate Plaintiff's monthly rent in accordance with the formula established by Congress and the Secretary of the United States Department of Housing and Urban Development.

9.

Plaintiff's twenty-three year old son, Gilbert Anthony, was diagnosed with multiple sclerosis in 1998. He is totally bed-bound today and requires twenty-four hour care. He receives Supplemental Security Income from the Social Security Administration as an individual with a disability. Plaintiff wants to ensure that Gilbert can continue to live with her and not in an institution. So, in November 2004, Plaintiff began employment with a company named MED TEAM, Inc., working as a

personal care attendant for her son through the State of Texas Community Based Alternatives Program.

10.

Ms. Anthony reported the employment income to PHA. PHA re-calculated her rent, but determined at the time, based on what is known as the earned income disregard rule, that Ms. Anthony was eligible for exclusion of 100% of the earned income for one year. The earned income disregard rule requires public housing authorities, in certain circumstances, to exclude 100% of a family's earned income for the first year following employment and 50% of earned income for the second year in calculating a family's public housing rent. Thus, though the re-calculation was improper because the employment income should not have been counted, it caused no harm in the first year.

11.

Thus, from December 1, 2004 through November 30, 2005, PHA excluded 100% of Ms. Anthony's income from her employment with MED TEAM under the earned income disregard rule. But, beginning December 1, 2005, PHA began including 50% of Ms. Anthony's employment income under the earned income disregard rule. PHA also notified Ms. Anthony that effective December 1, 2006, it would include 100% of Ms. Anthony's earned income in calculating

her public housing rent.

12.

PHA's action in including Ms. Anthony's earned income from her employment with MED TEAM is erroneous. This earned income should be totally excluded because Ms. Anthony is paid by the State of Texas through MED TEAM to provide personal care attendant services that permit her son to remain in the home rather than be institutionalized.

13.

Plaintiff, through her legal representative, attempted to resolve the matter without the need for judicial intervention. Plaintiff notified PHA on July 6, 2006, that Ms. Anthony's employment income should be completely excluded from any rent calculations because she is paid to provide services to allow Gilbert Anthony to remain in the home. PHA replied on July 11, 2006 that it would require documentation that Ms. Anthony was paid by a state agency to allow her disabled son to remain at home. On September 7, 2006, Plaintiff provided PHA with a letter from MED TEAM, Inc. confirming that Ms. Anthony had been employed since November 15, 2004, as a personal care attendant providing services for her son through the Community Based Alternatives Program. Plaintiff requested again that PHA re-

calculate her rent to exclude the employment earnings.

14.

When PHA did not respond to the September 7, 2006 letter, Plaintiff's counsel sent another letter on September 22, 2006, requesting recalculation of Plaintiff's rent to exclude the employment income. PHA then replied on September 28, 2006, that it would not exclude the employment income because Ms. Anthony is not paid by a state agency but by a private corporation. Ms. Anthony, through counsel, replied on September 29, 2006, that because the funds flow through MED TEAM from the State, the earnings should be excluded. Counsel for Ms. Anthony sent another letter on October 2, 2006, requesting that PHA exclude the employment income. PHA's attorney replied on October 5, 2006, confirming that PHA would not exclude the employment earnings because Ms. Anthony is paid by a Texas corporation and not a state agency. Counsel for Plaintiff replied to that letter on October 11, 2006, explaining yet again why Ms. Anthony's employment income should be excluded. PHA has not further responded and has notified Ms. Anthony that it will include 100% of her employment earnings paid by MED TEAM beginning December 1, 2006. PHA has refused to re-calculate Plaintiff's rent or reimburse Plaintiff for the excess rent she

has paid each month since December 1, 2005.

15.

Plaintiff paid rent of $339 per month to PHA for November 2006. PHA has notified Plaintiff that her rent will increase to $504 effective December 1, 2006, because it will begin including 100% of her earned income instead of 50%. As a result of PHA's action in including 50% of Plaintiff's employment income, Plaintiff overpaid PHA in the amount of $164 per month for the period December 2005 through November 2006 - a total of $1,968. Beginning December 1, 2006, Plaintiff will be charged rent of $504 per month - an overpayment of $328 every month. Plaintiff seeks restitution for all sums she has paid in excess of the statutory formula.

## VII. Causes of Action

### First Cause of Action: PHA's Violation of Statute and Implementing Federal Regulations Requiring Exclusion of Income Paid so that a Person with Developmental Disabilities May Remain in the Home.

16.

Congress directed the Secretary of the United States Department of Housing and Urban Development ("HUD") to define "income" for the purpose of calculation of rent by public housing authorities. HUD subsequently defined "income" with

certain exclusions. The statute and regulation state in pertinent part:

> The term "income" means income from all sources of each member of the household, as determined in accordance with criteria prescribed by the Secretary, in consultation with the Secretary of Agriculture, . . . .

42 U.S.C.A. §1437a(b)(4)(West 2003). HUD's implementing regulation states in part:

> Annual income does not include the following:
> . . . .
> (16) Amounts paid by a State agency to a family with a member who has a developmental disability and is living at home to offset the cost of services and equipment needed to keep the developmentally disabled family member at home;

24 C.F.R. § 5.609(c)(16) (2006). Ms. Anthony's son, Gilbert, has a developmental disability. The State of Texas Community Based Alternatives Program, through MED TEAM INC., pays Ms. Anthony to offset the cost of services needed to keep Gilbert at home. Defendant's refusal to exclude Plaintiff's employment income violates the statute and the implementing regulation. Plaintiff has a claim directly under the statute and under 42 U.S.C. Section 1983 for restitution, actual damages, declaratory relief, and injunctive relief.

Second Cause of Action: PHA's Violation of Federal Statutory Requirement Limiting Rent Paid by Public Housing Tenants

17.

Congress has required that:

(1) Except as provided in paragraph (2) and subject to the requirement under paragraph (3), a family shall pay as rent for a dwelling unit assisted under this chapter . . . . the highest of the following amounts, rounded to the nearest dollar:
(A) 30 per centum of the family's monthly adjusted income;
(B) 10 per centum of the family's monthly income; or
(C) if the family is receiving payments for welfare assistance from a public agency and a part of such payments, adjusted in accordance with the family's actual housing costs, is specifically designated by such agency to meet the family's housing costs, the portion of such payments which is so designated.
. . . .
(3) Notwithstanding paragraph (1) of this subsection, the method for rent determination elected pursuant to paragraph (2)(A) of this subsection by a family residing in public housing . . . ., the following entities shall require the following families to pay a minimum monthly rental amount (which amount shall include any amount allowed for utilities) of not more than $50 per month, as follows:

(i) Each public housing agency shall require the payment of such minimum monthly rental amount, which amount shall be determined by the agency, by-

   (I) each family residing in a dwelling unit in public housing by the agency;

. . . .

42 U.S.C.A. § 1437a(a)(1),(3) (West 2003). PHA's refusal to exclude Plaintiff's employment income paid to her so that her son, Gilbert Anthony, may live at home rather than in an

10

institution has resulted in her paying more in rent than the amounts specified by Congress. Thus, Plaintiff has a claim directly under the statute and under 42 U.S.C. Section 1983 for restitution, actual damages, declaratory relief, and injunctive relief.

<u>Third Cause of Action: Supremacy Clause Claim for Violation of Federal Statutes and Regulations</u>

18.

Congress has required that public housing authorities calculate tenant rent in accordance with criteria prescribed by the Secretary of the Department of Housing and Urban Development ("HUD"). 42 U.S.C.A. §1437a(b)(4). HUD in turn has provided for the exclusion of income paid by a state agency to a family with a member with a developmental disability that allows the family member to live at home. 24 C.F.R. §5.609(c)(16)(2006). Defendant's refusal to exclude Plaintiff's employment income violates the statute and implementing regulations and the supremacy clause of the United States Constitution. Plaintiff seeks restitution, actual damages, declaratory relief, and injunctive relief on her supremacy clause claim.

### Fourth Cause or Action: Declaratory Judgment

19.

Plaintiff seeks a declaratory judgment and injunction under the Declaratory Judgment Act, 28 U.S.C. § 2202, declaring that the Poteet Housing Authority is legally obligated to exclude Plaintiff's employment income under 42 U.S.C.A. §1437a(b)(4) and 24 C.F.R. §5.609(c)(16)(2006).

### VIII. Damages and Restitution

20.

Because PHA has not excluded Plaintiff's employment income, Plaintiff has paid more on her monthly rent than she should pay every month since December 1, 2005. Plaintiff seeks restitution retroactive to December 2005 for the amount she has overpaid.

### IX. Request for Relief

21.

Plaintiff Brenda Anthony respectfully asks that this court: (1) Enter a declaratory judgment that Poteet Housing Authority is legally obligated in calculating Plaintiff's rent to exclude the employment income paid to her to allow her son, Gilbert Anthony, to live at home rather than in an institution;

(2) Enter a permanent injunction enjoining Defendant from failing to exclude Plaintiff's employment income paid to allow Gilbert Anthony to live at home rather than in an institution;

(3) Award Plaintiff restitution, actual damages, and pre-judgment and post-judgment interest at the legal rate;

(4) Assess costs against Defendant;

(5) Award Plaintiff attorney's fees under 42 U.S.C. § 1988 for the work of Max Renea Hicks both in the trial court and on appeal (but excluding any award of fees for Fred Fuchs, Nelson Mock, and Texas RioGrande Legal Aid); and

(6) Grant Plaintiff such other relief that this court deems just, proper, and necessary.

Respectfully submitted,

*Fred Fuchs*

Fred Fuchs
Attorney-in-Charge
State Bar No. 07498000
TEXAS RIOGRANDE LEGAL AID, INC.
4920 North IH 35
Austin, Texas 78751
Telephone: (512) 374-2700, ext. 2720
Fax: (512) 447-3940

*Nelson Mock*

Nelson Mock
State Bar No. 24003922
TEXAS RIOGRANDE LEGAL AID, INC.
4920 North IH 35
Austin, Texas 78751
Telephone: (512) 374-2700, ext. 2720
Fax: (512) 447-3940


Max Renea Hicks
State Bar No. 09580400
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
Telephone: 512-480-8231
Fax: 512-480-9105